# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1387V
UNPUBLISHED

| | |
|---|---|
| ALLEN VELA, on behalf of his minor child, J.V., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: August 10, 2021 <br><br> Motion for decision; Dismissal; Human papillomavirus ("HPV") vaccine; Postural Orthostatic Tachycardia Syndrome ("POTS") |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION**[1]

On October 14, 2020, Allen Vela filed a petition for compensation on behalf of his child, J.V., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Mr. Vela alleged that J.V. developed Postural Orthostatic Tachycardia Syndrome ("POTS") from human papillomavirus ("HPV") vaccines J.V. received on September 17, 2018, and September 4, 2019. ECF no. 1.

On August 3, 2021, Mr. Vela filed a motion for a decision dismissing the petition. ECF no. 15. For the reasons set forth below, Mr. Vela's motion is **GRANTED**, and this case is **DISMISSED**.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Mr. Vela did not file any medical records, affidavits, or other supporting documentation with the petition. The PAR Initial Order required Mr. Vela to file these statutorily required documents. ECF No. 5. Mr. Vela submitted these documents over the ensuing months and eventually filed a Statement of Completion on March 28, 2021.

On August 3, 2021, Mr. Vela filed a motion for a decision dismissing the petition stating that:

> "He wishes to pursue a third party action in district court against the [vaccine manufacturer] directly. This choice should not be viewed in any way that Petitioner does not believe in the merits of his claim or that J.V.'s injuries are not a result of [the HPV vaccine]. Petitioner simply needs a judgment from the Vaccine Program so that he may reject said judgment and submit his election to opt out. However, Petitioner feels he will be unable to prove that he is entitled to compensation in the Vaccine Program."

ECF No. 15.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Mr. Vela alleged a Non-Table claim, i.e., that J.V.'s POTS was actually caused by the HPV vaccinations.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For a Non-Table claim, a petitioner must satisfy all three of the elements established by the Federal Circuit in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (2005): "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."

Mr. Vela has not submitted sufficient evidence to establish the Althen prongs, such as an expert report proposing a medical theory. Moreover, Mr. Vela admitted in his motion for a decision that he will not be able to establish entitlement to compensation.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."

**IT IS SO ORDERED.**

                                                      **s/Brian H. Corcoran**
                                                      Brian H. Corcoran
                                                      Chief Special Master